**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH**

| | | |
|---|---|---|
| SANTOS CASTRO-MOTA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-0178 |
| | ) | |
| | ) | United States District Judge |
| vs. | ) | William S. Stickman |
| | ) | |
| | ) | |
| WARDEN DALE MIESEL, C/O OFFICER, | ) | |
| C/O OFFICER, and SUPERINTENDENT, | ) | |
| | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**CYNTHIA REED EDDY, United States Magistrate Judge**

## I.    Recommendation

It is recommended that this prisoner civil rights action be transferred forthwith pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Pennsylvania.

## II.    Report

### A.    Background

Santos Castro-Mota ("Plaintiff") is a federal pre-trial detainee currently incarcerated at Indiana County Jail, located within the territorial boundaries of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118(c).  He is detained in this district pending disposition of his federal charges in this Court.  *See United States v. Castro-Mota, et al.,* Criminal No. 2:22-cr-0048.  On February 20, 2024, Plaintiff initiated the above captioned case by submitting a prisoner civil rights complaint.  The Complaint was not accompanied by either the filing fee or a motion for leave to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 1915A, the undersigned has screened the Complaint prior to docketing or service.

1

While the allegations of the Complaint are difficult to discern, it appears the gist of the allegations concern Plaintiff's conditions of his confinement while incarcerated in SCI Camp Hill. He is attempting to state a claim under Section 42 U.S.C. § 1983 contending that his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments have been violated.[1]

### B. Venue

The issue of proper venue may be raised *sua sponte* by a court. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Garcia v. Pugh*, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996). The venue statute applicable to Plaintiff's constitutional claims is 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The undersigned finds that venue is improper in this Court.

First, the complaint reflects that all the defendants work at SCI Camp Hill, Cumberland County, Pennsylvania, which is located within the territorial limits of the United States District Court for the Middle District of Pennsylvania ("Middle District")[2] and do not reside in the Western District of Pennsylvania ("Western District"). Venue is also improper under the second

---

[1]    It is recommended that the determination of whether this case is dismissible pre-service for failure to state a claim should be left to the transferee Court.

[2]    *See* 28 U.S.C. § 118(b) (setting forth which counties of Pennsylvania are located in which federal districts).

requirement since a "substantial part" of the events giving rise to Plaintiff's claims did not occur in the Western District. In fact, none of the complained conduct giving rise to Plaintiff's claims occurred in the Western District. As far as the undersigned can tell from the Complaint, the only thing tying Plaintiff's claims to this district is that he is temporary incarcerated here pending disposition of his criminal case. Venue is also inappropriate under the third requirement because the Defendants cannot be found in the Western District. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

Because this Court lacks personal jurisdiction over the Defendants, the question remains whether the Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) or exercise its discretion to transfer to an appropriate District Court pursuant to 28 U.S.C. § 1631. *See Gehling v. St. George's Sch. of Med., Ltd*., 773 F.2d 539, 544 (3d Cir. Pa. 1985) (stating that a district court lacking personal jurisdiction can transfer a case to a district in which the case could have originally been brought); *see also Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("A district court that lacks personal jurisdiction must at least consider a transfer.").

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). On the other hand, Section 1631 provides, in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action . . . shall proceed as if it has been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

3

28 U.S.C. § 1631.  The Court has broad discretion to transfer the matter to an appropriate forum. *See Danziger,* 948 F.3d at 132 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).

"In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013)*; see also Holiday v. Bally's Park Place, Inc.*, No. 06-4588, 2007 WL 2600877, at *2 (E.D.Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with initiating a new lawsuit. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer under § 1406(a)).

In the undersigned's opinion, the interests of justice are better served if this case is transferred to the Middle District of Pennsylvania.

## III.  CONCLUSION

For all these reasons, it is respectfully submitted that this action be transferred forthwith to the United States District Court for the Middle District of Pennsylvania.[3]

Plaintiff is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff must file written objections, if any, to

---

[3]    While an objection to venue may be waived by a defendant, the Court is permitted to raise the issue of an apparent lack of venue *sua sponte*, provided the Court gives a plaintiff adequate notice of its concern and an opportunity to be heard on the issue. Through the filing of this Report, Plaintiff is being provided the necessary notice and opportunity to be heard. *See, e.g., Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998); *Folkner v. Wilson*, Civ. A. 06-47, 2006 WL 1509388 (W.D. Pa. Feb. 28, 2006).

this Report and Recommendation by **March 22, 2024**.   Plaintiff is cautioned that failure to file

Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d

187, 194 n.7 (3d Cir. 2011)(quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983).  *See also*

*EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate

review when no timely and specific objections are filed as limited to review for plain error).


Dated:  March 4, 2024                                    s/Cynthia Reed Eddy
                                                         Cynthia Reed Eddy
                                                         United States Magistrate Judge


cc:     SANTOS CASTRO-MOTA
        320012500
        665 HOOD SCHOOL ROAD
        INDIANA, PA 15701
        (via U.S. First Class Mail)