UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANTOS CASTRO-MOTA, <br><br> Plaintiff <br><br> v. <br><br> DALE MIESEL, *et al.* <br><br> Defendants. | CIVIL ACTION NO. 3:24-CV-00676 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court are several documents filed by Plaintiff Santos Castro-Mota's ("Castro-Mota") on July 19, 2024. (Doc. 18, Doc. 18-1, Doc. 18-2, Doc. 20). The Court construes the document filed as a Motion to Amend the Complaint as a 28 U.S.C. § 2254 Petition and will dismiss it without prejudice for Castro-Mota to file in the proper venue. The Court will accept the Amended Complaint, file it as a separate document, and screen it pursuant 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a). Again, the Court to is unable to discern any alleged facts in support of the constitutional claims raised in the Amended Complaint. Therefore, the Court will dismiss the Amended Complaint without prejudice.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

In February of 2024, Castro-Mota filed a complaint in the Western District of Pennsylvania against the following four defendants employed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"): (1) Dale Miesel, Warden; (2) an unnamed Correctional Officer; (3) an unnamed Correctional Officer; and (4) the Superintendent.s (Doc. 1.) The Western District of Pennsylvania lodged the complaint, reviewed it, and transferred it to this District. (Doc. 2; Doc. 3). In doing so, the Western District stated that "the

allegations of the Complaint are difficult to discern, it appears the gist of the allegations concern Plaintiff's conditions of his confinement while incarcerated at SCI Camp Hill." (Doc. 2, at 2).

On July 10, 2024, the Court granted Castro-Mota *in forma pauperis* status, screened the Complaint, and dismissed it citing a complete lack of alleged facts. (Doc. 16; Doc. 17). The Court granted Castro-Mota leave to amend the Complaint by August 7, 2024. (Doc. 17).

On July 19, 2024, the court received and docketed multiple documents from Castro-Mota. First, Castro-Mota filed a petition pursuant to 28 U.S.C. § 2254, which was docketed as a Motion to Amend the Complaint. (Doc. 18). Also docketed as attachments to this Petition are a Proposed Amended Complaint and an Inmate Request Form. (Doc. 18-1; Doc. 18-2). Castro-Mota also filed a Request for Hearing. (Doc. 20).

Reviewing the Amended Complaint, it appears that Castro-Mota is still attempting to bring multiple claims under 42 U.S.C. § 1983 and *Bivens*, but only names Warden Dale Miesel as a Defendant. (Doc. 18-1). He alleges multiple legal conclusions such as harassment, blatant violations of elementary principals of human dignity, denial of access to the courts, false imprisonment, lack of medical treatment, and kidnapping, but when asked to provide facts, Castro-Mota states "Witness: cell 207 M. Smith, Tyrone Thomas, C. Hafer Everyone who was housed within the RHU at the time of incident." (Doc. 18-1, at 5). Castro -Mota also listed two additional inmates as witnesses. (Doc. 18-1, at 5.) While Castro-Mota brings claims exclusively against the Warden at SCI-Camp Hill, when asked to state where the event took place, he states Indiana County Jail. (Doc. 18-1, at 4).

II. **STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen

2

a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Castro-Mota is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation

omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

Finally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

As set forth above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic*, 854 F.3d at 219-20. Here, the Court finds the Amended Complaint difficult to discern. As in the initial Complaint, the Amended Complaint contains no factual allegations. Castro-Mota has failed to state a claim upon which relief may be granted, and the Court must dismiss the Amended Complaint. The Court will grant Castro-Mota a final opportunity to file an amended complaint pursuant to *Grayson* based on his alleged language barrier. (Doc. 1, at 5).

### IV. CONCLUSION

The 28 U.S.C. § 2254 Petition filed in this 42 U.S.C. § 1983 action will be dismissed with leave to file it in a separate habeas corpus action in the proper venue.[1] Since Castro-Mota has failed to allege any facts in his Amended Complaint, the Court will dismiss the Amended Complaint and grant him leave to further amend his pleading. Since there is no operative Complaint in the matter, the Request for Hearing will be denied. An appropriate order follows.

Dated: July 24, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[1] Petitioner had filed a Petition for writ for habeas corpus pursuant to 28 U.S.C. § 2254 in this court. *Castro-Mota v. Loveridge*, No. 3:24-CV-00996-KM-EW. The action was transferred to the Eastern District of Pennsylvania on July 19, 2024.