UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANTOS CASTRO-MOTA,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>DALE MIESEL, *et al.*<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:24-CV-00676<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is the Second Amended Complaint filed by Plaintiff Santos Castro-Mota's ("Castro-Mota") on August 16, 2024. (Doc. 24). The Court will screen the third amended pursuant 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a). Now that Castro-Mota has provided factual details of the claims he seeks to raise, the Court finds that all the alleged constitutional violations are barred by the statute of limitations. Therefore, the Court will dismiss the Second Amended Complaint with prejudice.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

In February of 2024, Castro-Mota filed a complaint in the Western District of Pennsylvania against the following four defendants employed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"): (1) Dale Miesel, Warden; (2) an unnamed Correctional Officer; (3) an unnamed Correctional Officer; and (4) the Superintendents. (Doc. 1). The Western District of Pennsylvania lodged the complaint, reviewed it, and transferred it to this District. (Doc. 2; Doc. 3). In doing so, the Western District stated that "the allegations of the Complaint are difficult to discern, it appears the gist of the allegations

concern Plaintiff's conditions of his confinement while incarcerated at SCI Camp Hill." (Doc. 2, at 2).

On July 10, 2024, the Court granted Castro-Mota *in forma pauperis* status, screened the Complaint, and dismissed it citing a complete lack of alleged facts. (Doc. 16; Doc. 17). The Court granted Castro-Mota leave to amend the Complaint by August 7, 2024. (Doc. 17).

On July 19, 2024, the court received and docketed multiple documents from Castro-Mota. First, Castro-Mota filed a petition pursuant to 28 U.S.C. § 2254, which was docketed as a Motion to Amend the Complaint. (Doc. 18). Also docketed as attachments to this Petition were a Proposed Amended Complaint and an Inmate Request Form. (Doc. 18-1; Doc. 18-2).

The Court reviewed the Amended Complaint, and found that Castro-Mota was still attempting to bring multiple claims under 42 U.S.C. § 1983 and *Bivens*, but only named Warden Dale Miesel as a Defendant. (Doc. 18-1). He alleged multiple legal conclusions such as harassment, blatant violations of elementary principals of human dignity, denial of access to the courts, false imprisonment, lack of medical treatment, and kidnapping, but when asked to provide facts, Castro-Mota states "Witness: cell 207 M. Smith, Tyrone Thomas, C. Hafer Everyone who was housed within the RHU at the time of incident." (Doc. 18-1, at 5). Therefore, the Court found that Castro-Mota had failed to provide sufficient facts to state a claim upon which relief may be granted and dismissed the Amended Compliant without prejudice. (Doc. 21; Doc. 22).

On August 16, 2024, the Court received and docketed a Second Amended Complaint from Castro-Mota. (Doc. 24). This Second Amended Complaint names Defendant Miesel,

two unidentified Corrections Officers, and an unidentified Sergeant as Defendants in the action and includes the following factual allegations:

1. 8th Amendment. July 5, 2018 Medical negligent CO's refused to send me to medical to ad[d]ress pain from rod in elbow and upper bicep as well as pain from previous operation on knee. Refused medication. Sci Camp Hill G block
2. 1 Amendment July-September 2018 Sci Camp Hill "G" block. Refused access to law library for grievance to government. Also denied ability to grieve to interior of Camp Hill facility. [Sergeant] of G block refused all ability to receive Law Library.
3. 1st Amendment July -Sept 2018 Sci Camp Hill. Inmate spoke very little English when he arrived at Sci Camp Hill. Staff continuously refused to provide an interrupter to bridge the language barrier.
4. July 5 2018 Intake officers Sci Camp Hill. Blatant violations of Elementary principals of human dignity. During initial strip search C/O attempted to touch prisoner Mota while also being Indignant towards him.
5. July 5 – Sept 2018 Sci Camp Hill G block C/O's. 8th Amendment Inmate Mota was continuously refused access and the opportunity to see the Psych Doctor and be treated for his depression and other psych problems.

(Doc. 24). The Court will not screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

**II.   STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Castro-Mota is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court

applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor

4

need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

Finally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

The court must dismiss the Second Amended Complaint as untimely. Section 1983 civils rights claims arising from events that occurred in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Moore v. Walton*, 96 F.4th 616, 622 (3d Cir. 2024). Here, Plaintiff the alleged events that gave rise to his 42 U.S.C. § 1983 claims occurred between July and September of 2018. (Doc. 24, at 4–5). However, he did not initiate this action until February of 2024, when he filed a complaint in the Western District of Pennsylvania. (Doc. 1). This is well outside the statute of limitations set forth in *Moore*. Therefore, the court will dismiss the complaint.

Because the Second Amended Complaint will be dismissed for being outside the statute of limitations, any leave to further amend the pleading would be futile. Therefore, the Second Amended Complaint will be dismissed with prejudice pursuant to *Grayson*.

## IV. CONCLUSION

The Court will dismiss the Second Amended Complaint with prejudice and close the case. An appropriate order follows.

Dated: September 6, 2024                              *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**